IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

KRISTY GUZAK, Administratrix of the Estate of :
 Mark Kahuila, Deceased, :
         Plaintiff, :
 :
        v. : Civil No. 2:19-cv-05543-JMG
 :
VIRTUAL RADIOLOGIC CORPORATION :
 a/k/a VRAD, *et al.*, :
        Defendants. :
_____

**MEMORANDUM OPINION**

This is a medical malpractice wrongful death and survival action which was filed in the Philadelphia County Court of Common Please on January 3, 2018. Defendants filed a Notice for Removal on November 25, 2019. Plaintiff subsequently filed a Motion to Remand to State Court, Objection to Defendant's Notice of Removal raising three arguments: (1) the Notice was not timely filed; (2) there is not proper diversity; and (3) Defendants failed to allege bad faith on the part of Plaintiff. Oral argument with regard to Plaintiff's Motion and Defendant's Response in Opposition to Plaintiff's Motion to Remand was held on July 1, 2020.

Section 1446(B)(3) of the United States Code only allows removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A §1446(b)(3). Moreover, there is an express limitation pe-

riod of one year, pursuant to 28 U.S.C.A §1446(b)(1), which precludes removal "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C.A §1446(b)(1).

Under any time period calculation, Defendants' petition for removal is untimely.  In this case, "the order or other paper from which it may first be ascertained that the case is one which is or has become removable" was the December 27, 2018 Order dismissing the non-diverse Defendant Diagnostic Imaging, Inc.. The Notice of Removal was filed over 300 days later.  Defendants argue that the thirty (30) days for removal did not commence until Plaintiff's Motion to Reinstate the non-diverse Defendant, filed on June 25, 2019, was denied on October 11, 2019. Even considering Defendants' position, thirty (30) days from the date of that October 11, 2019 Order of Judge Carpenter denying Plaintiff's Motion to reinstate the non-diverse Defendant was November 11, 2019.  This matter was not removed until November 25, 2019.  Therefore, even under that analysis, this Petition for Removal was filed 14 days late.

Because all calculations of the thirty (30) days for removal fail under each permutation, the only way Removing Defendants could prevail would be to prove that Plaintiff acted in bad faith pursuant to 18 U.S.C.A. §1446(c).  Defendants, however, have failed to allege or otherwise support any allegation of bad faith on the part of the Plaintiff.  As a result, the United States District Court is without jurisdiction over this matter.

An Order will accompany this opinion.


July 28, 2020

                                                                */s/ John M. Gallagher*
                                                                JOHN M. GALLAGHER
                                                                United States District Court Judge